Brewster H. Jamieson, ABA No. 8411122
LANE POWELL LLC
1600 A Street, Suite 304
Anchorage, Alaska 99501-5148
Telephone:    907.264.3325
Facsimile:    907.276.2631
Email:        jamiesonb@lanepowell.com

Attorneys for Plaintiff Natural Pantry, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| NATURAL PANTRY, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN FAST FREIGHT, INC., <br><br> Defendant. | Case No. 3:22-cv-00181-HRH <br><br> **COMPLAINT** |

Plaintiff Natural Pantry, Inc. ("Natural Pantry"), by and through their attorneys Lane Powell LLC, state their Complaint against Defendant American Fast Freight, Inc. ("AFF") as follows:

**THE PARTIES**

1. At and during all times hereinafter mentioned, Plaintiff NATURAL PANTRY, INC., is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of Alaska and does business with its principal office address at 3680 Barrow Street, Anchorage, Alaska 99503.

2. At and during all times hereinafter mentioned, Defendant AMERICAN FAST FREIGHT, INC. is a corporation or other business entity organized and existing under and by virtue of the laws of the State of Washington with its principal place of business located at 7400 45th Street CT E, Fife, Washington 98424.  Said Defendant does business in Alaska, is authorized to operate in the State of Alaska by the Federal Motor Carrier Safety Administration ("FMCSA"), and has designated Rex Lamont Butler, 745 W. 4th Avenue, Ste. 300, Anchorage, Alaska 99501 as its agent for service of process listed by the blanket service company All American Agents of

Process pursuant to federal regulation.

3. Plaintiff brings this action as consignee and owner of the subject cargo in suit including any others whose interests may appear and is entitled to maintain this action.

4. Defendant AFF is a FMCSA authorized freight forwarder of cargo for hire and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

## JURISDICTION AND VENUE

5. Plaintiff's causes of action and claims are within the original jurisdiction of this Honorable Court arising under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 and 28 U.S.C. § 1337(a), and also pursuant to 28 U.S.C. § 1331. The Court may also exercise jurisdiction over the matters herein under this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. Venue is proper and appropriate for this action pursuant to 49 U.S.C. § 14706(d) against the delivering carrier Defendant AFF who operates within this District. Venue is also proper pursuant to 28 U.S.C. § 1391(c) as the said Defendant is subject to personal jurisdiction in this District at the time of commencement of suit and under 28 U.S.C. §1391(b)(2) as a substantial part of the events and/or omissions giving rise to these claims occurred in this judicial district.

## FACTS

7. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 6 of the within Complaint in their entirety, as if set forth herein at length.

8. On or about certain dates set forth in the Annexed Schedule of Claims, Defendant AFF, or those acting on its behalf, received various chilled, frozen and/or refrigerated perishable cargos in good order, condition and quantity at AFF's warehouse in Fife, Washington, for consolidation in a refrigerated trailers and/or shipping containers with specific contracted temperatures to be maintained from time of loading for interstate transport through final delivery to consignee Plaintiff at its place of business in Anchorage, Alaska for consideration of certain agreed freight paid or to be paid upon confirmation of delivery.

9. Having assumed responsibility to safely transport the cargos to final destination, AFF delivered the cargo in trailers or containers and upon being received by Plaintiff evidenced temperature abuse and/or physical damages as set forth in the Annexed Schedule of Claims.

10. As a result of the unsound conditions observed and/or determined by the Plaintiff upon and shortly after receipt, the subject cargos' contracted temperature were obviously not

maintained and has resulted in the compromise of the safety and retention in the quality of food grade product and/or perishable cargo.

11. Plaintiff could not use or sell the subject cargos for their original intended purpose due to observed conditions of the cargo, recorded temperatures were not maintained and/or lack of proof that the cargos were transported within the required temperature specifications during the entire time from AFF's receipt and loading at its Fife, Washington facility through to the time of delivery receipt by Plaintiff in Anchorage, Alaska.

12. The compromised and/or damaged subject cargo were either immediately sold at reduced pricing because of its condition or disposed of as unmarketable and unsafe for human consumption due to temperature abuse resulting in the claimed losses set forth in the Annexed Schedule Of Claims.

13. The conditions that the subject cargos were subjected to as described herein do not comply with the federal requirements of the Food Safety Modernization Act ("FSMA") and the Sanitary Transportation of Human and Animal Food – 21 CFR Subpart O.

14. Defendant AFF is subject to the regulatory safety responsibilities in the above cited law to maintain set carriage temperatures during transit and proof of same by temperature records evidencing the cargo was transported within the required specifications as well as other measures to comply with under the law.

15. There is no written confirmation that Defendant AFF and/or any sub-carriers were in compliance with these aforesaid federal regulations _prior_ to the transportation of the subject shipment or that it was even a consideration or discussed between them in any contractual arrangement.

16. In addition, there was some cargo that was short delivered as well as physically damaged cargo received by Plaintiff at delivery in Anchorage that are set forth in the annexed Schedule of Claims.

17. Plaintiff and those acting for or on behalf of Plaintiff have duly performed all duties and obligations on their part to be performed.

# FIRST CAUSE OF ACTION
# AGAINST DEFENDANT AFF FOR FREIGHT FORWARDER LIABILITY
# UNDER THE CARMACK AMENDMENT FOR CARGO LOSS AND DAMAGE

18. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 17 of the within Complaint in their entirety, as if set forth herein at length.

19. Defendant AFF's failure to properly consolidate, transport, secure, store, maintain proper reefer temperatures and deliver the subject cargos from time of receipt and loading at its Fife, Washington facility to Plaintiff at its designated final delivery in Anchorage, Alaska or other designated location of Plaintiff's designated receiver in the same good order, quantity and condition as received were caused by Defendant AFF or its agents and/or servants' failures to properly perform and/or negligently perform the interstate contract of carriage of the subject cargos that were owed to the shipper, consignee and/or owner of said cargo as an interstate freight forwarder of same that resulted from their conduct or omissions to properly receive, secure, consolidate, carry, transport, store, deliver and/or care for the subject cargos for which AFF is liable under the Carmack Amendment as freight forwarder or otherwise as provided by statute.

20. By reason of the premises, Plaintiff has sustained actual damages in the minimum amount of $33,667.31 which has been demanded but not paid by Defendant AFF.

# SECOND CAUSE OF ACTION
# AGAINST DEFENDANT AFF FOR BREACH OF CONTRACT FOR CARGO
# LOSS AND DAMAGE

21. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 17 of the within Complaint in their entirety, as if set forth herein at length.

22. Defendant AFF's failure to properly consolidate, transport, secure, store, maintain proper reefer temperatures and deliver the subject cargos from time of receipt and loading at its Fife, Washington facility to Plaintiff at its designated final delivery in Anchorage, Alaska or other designated location of Plaintiff's designated receiver in the same good order, quantity and condition as received were caused by Defendant AFF or its agents and/or servants' breaches of contract of carriage of the subject cargos that were owed to the shipper, consignee and/or owner of said cargo as a freight forwarder and/or carrier of same that resulted from their conduct or omissions to properly receive, load, transport, unload and deliver the subject cargos for which AFF is liable.

23. By reason of the premises, Plaintiff has sustained damages in the minimum amount

of $173,628.32 which has been demanded but not paid by Defendant AFF.

### THIRD CAUSE OF ACTION
### AGAINST DEFENDANT AFF FOR BREACH OF BAILMENT RESULTING IN CARGO LOSS AND DAMAGE

24. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 17 of the within Complaint in their entirety, as if set forth herein at length.

25. Defendant AFF or its sub-contractors, agents and/or servants took possession and exercised care, custody and/or control of the subject cargos which constituted a bailment of same.

26. Defendant AFF's failure to deliver the entrusted subject cargos set forth in the Annexed Schedule of Claims and returning possession, care, custody, and/or control of same to Plaintiff, but rather instead sustained losses due to temperature abuse, shortages and/or pilferage and physical damage which constitutes a breach of bailment and are violations of its duties and obligations as bailee.

27. By reason of the premises, Plaintiff has sustained damages in the minimum amount of $173,628.32 which has been demanded but not paid by Defendant AFF.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANT AFF FOR NEGLIGENCE RESULTING IN CARGO LOSS AND DAMAGE

28. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 17 of the within Complaint in their entirety, as if set forth herein at length.

29. Defendant AFF and said Defendant's sub-contractors, agents and/or servants owed duties of care to the shipper, consignee and cargo owner upon receipt of same and thereafter while the cargo was in their care, custody and/or control including receiving, loading, transport, discharge, unloading, storage and delivery.

30. Defendant AFF's failure to load, transport, unload and deliver the subject cargos set forth in the Annexed Schedule of Claims as received is a breach of Defendant's duties and obligations as freight forwarder and/or carriers and was the proximate cause of the loss and damage sustained by Plaintiff.

31. By reason of the premises, Plaintiff has sustained damages in the minimum amount of $173,628.32 which has been demanded but not paid by Defendant AFF.

**RELIEF REQUESTED**

NOW WHEREFORE, Plaintiffs request the following relief;

1. That process in due form of law according to the practice of this Court may issue against the named Defendant;

2. That a decree and judgment may be entered in favor of Plaintiff against the Defendant for the amount of Plaintiff's actual and full damages in the amount of $207,295.63 or the total damages to be established at trial, together with pre-judgment interest from date of each delivery of the subject cargo as well as post-judgment interest and costs;

3. For costs of suit, including reasonable expenses and fees; and

4. For any other relief to which Plaintiff may be entitled or the court deems proper and just.

DATED this 11th day of August, 2022

LANE POWELL LLC
Attorneys for Plaintiff Natural Pantry, Inc.

By *s/ Brewster H. Jamieson*
   Brewster H. Jamieson, ABA No. 8411122